IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

HOLLY NEIL BENNETT,

        Petitioner,

        v.                                       Civil action no. 1:12cv118
                                                    Criminal action no. 1:08cr78-2
                                                    (Judge Keeley)

UNITED STATES OF AMERICA,

        Respondent.

## REPORT AND RECOMMENDATION

### I. Introduction

On July 23, 2012, the *pro se* petitioner, an inmate now incarcerated at FCI Beckley, in Beaver, West Virginia, filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Dkt.# 1030), alleging that pursuant to the holdings in United States v. Simmons[1] and Carachuri-Rosendo v. Holder,[2] he is no longer a career offender and is entitled to be re-sentenced using a Guideline Level of 13. This case, which is pending before me for initial review and report and recommendation pursuant to LR PL P 2 and 28 U.S.C. § 2243, is ripe for review.

### II. Facts

**A. Conviction and Sentence**

On November 13, 2008, petitioner signed a plea agreement by which he agreed to plead guilty to Count Sixty-Five of the indictment, maintaining a drug-involved premise, in violation of Title 21, United States Code, § 856(a)(2). The petitioner waived his right to appeal and to collaterally attack his sentence. On December 15, 2008, the petitioner entered his plea in open court. (Dkt.# 819). On April 2, 2009, the petitioner appeared before the Court for sentencing. After

---
[1] United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

[2] Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010).

considering several factors, including the circumstances of both the crime, the defendant's status as a career offender, and the sentencing objectives of punishment, the Court sentenced the petitioner to a term of 170 months imprisonment, followed by three years supervised release. (Dkt.# 812 at 28 - 29).

B. **Appeal**

Petitioner did not pursue a direct appeal.

C. **Federal Habeas Corpus**

Petitioner filed his first Motion to Vacate, Set Aside or Correct Sentence by a person in Federal Custody Under 28 U.S.C. § 2255 on January 8, 2010 (Dkt.# 799), raising two grounds: 1) the District Court erroneously enhanced his sentence by employing 2D1.1(c) factors to establish his base offense level; and 2) the District Court erroneously used a property offense as a drug offense, in order to impose a career offender sentence on him. As relief, petitioner requested that the Court correct his "illegal sentence." In his reply to the Government's response, petitioner raised a third ground, a claim of ineffective assistance of counsel against counsel, for not diligently pursuing Grounds One and Two. Thereafter, petitioner amended his §2255 motion to add a Fourth Ground, another allegation of ineffective assistance, for failure to challenge two issues: an alleged error in the computation of his offense level and an "elementary mathematical calculation on the PSR," which he contended resulted in an erroneous amount of drug relevant conduct. By Order entered April 29, 2011, the Magistrate Judge's Report and Recommendation was adopted, denying and dismissing petitioner's §2255 motion as to all grounds and declining to issue a certificate of appealability. Nonetheless, petitioner filed a May 11, 2011 Notice of Appeal, and on July 26, 2011, the Fourth Circuit Court of Appeals dismissed the appeal in an unpublished *per curiam* opinion.

On July 23, 2012, petitioner filed this instant §2255 motion without use of a court-approved form,[3] asserting that pursuant to the holdings of United States v. Simmons and Carachuri-Rosendo v. Holder, because he was only sentenced to one year of imprisonment on a 1999 West Virginia state unlawful wounding conviction, that crime was a misdemeanor and not a felony. Therefore, he argues, the use of that conviction as a predicate offense to enhance his present sentence for the federal conviction was error, and he is actually innocent of being a Career Offender.

Petitioner contends that his §2255 motion is timely because it is filed within one year of the date Carachuri-Rosendo announced "a new rule" that was retroactively applicable on collateral review.

As relief, petitioner requests that his sentence be vacated and he be re-sentenced without the career offender designation, which would give him a Guideline level of 13.

**D.    Other Collateral Proceedings**

On August 11, 2010, petitioner filed a *pro se* motion for clarification of Judgment on PSR, (Dkt.# 845) and then on November 11, 2010, moved to amend the motion. (Dkt.# 856). Both the motion and the motion to amend it were denied as moot in the April 29, 2011 Order adopting the Report and Recommendation to deny and dismiss the first §2255 motion. (Dkt.# 880).

On November 22, 2011, petitioner filed a motion to reduce sentence pursuant to 18 U.S.C. §§3582(c)(2). (Dkt.# 948). By Order entered on December 21, 2011, petitioner's motion was denied. (Dkt.# 954). Petitioner filed a timely Notice of Appeal, and on February 23, 2012, the Fourth Circuit affirmed this Court's decision by unpublished, *per curiam* opinion. (Dkt.# 999).

On May 31, 2012, petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the Southern District of West Virginia, alleging the same grounds he has raised in the

---

[3] On August 13, 2012, petitioner re-filed his petition on a court-approved form, asserting essentially the same claims.

instant §2255 motion. That action is still pending. See Bennett v. United States, No. 5:12-cv-01774, (S.D.W.Va. filed May 31, 2012).

## D. Recommendation

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the Court's docket because this court lacks jurisdiction over a second and successive §2255 motion which petitioner did not receive authorization from the Fourth Circuit Court of Appeals to file.

## III. Analysis

### Second and Successive §2255 Motions Prohibited

Section 2255 provides as follows regarding a second or successive motion:

> A second or successive motion must be certified as provided in §2255 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.[4]

---

[4] The undersigned notes that petitioner's reliance on Carachuri-Rosendo as stating a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court is misplaced. Despite petitioner's claims to the contrary, Carachuri-Rosendo is not retroactively available to cases on collateral review in the Fourth Circuit Court of Appeals. See United States v. Powell, ___ F.3d ___, 2012 WL 3553630 (4th Cir. August 20, 2012), (neither Carachuri or Simmons are retroactively applicable to cases on collateral review).
    Moreover, even if Carachuri-Rosendo were retroactively applicable to cases on collateral review, petitioner's § 2255 motion would still be grossly untimely under 28 U.S.C. §2255(f)(3). Carachuri-Rosendo was decided on June 14, 2010. Under 28 U.S.C. § 2255(f)(3), petitioner would have had until June 14, 2011 to timely file a §2255 motion; however, he did not file his motion until July 23, 2012, one year and 39 days past the one-year statute of limitations.
    Finally, even if petitioner's §2255 motion were timely, his arguments regarding whether his prior convictions qualify him a career offender are flawed. Petitioner misunderstands how the sentencing guidelines apply. He argues that under Simmons and Cararchuri-Rosendo, his prior conviction for unlawful wounding no longer qualifies as a predicate offense for purposes of a career offender determination of criminal history under U.S.S.G. § 4B1.1., because he did not *serve* a term of actual imprisonment of more than one year for it. He apparently does not realize that the sentencing guidelines only require the offence to be *punishable* for more than one year to qualify. See Id. § 4B1.2. The *actual* punishment petitioner received for his predicate offense is irrelevant. His conviction for unlawful wounding (for which he received a sentence of 1 - 5 years imprisonment, suspended, with a grant of 3 years probation with 28 day inpatient substance abuse treatment, followed by 6 months home confinement, which was later revoked and the 1-5 year imprisonment reinstated) (PSR ¶ 143) was a felony *punishable* by a sentence of more than one year, regardless of whether he served a sentence of over a year for it. Thus, the unlawful wounding conviction falls squarely within the career offender provisions of the sentencing guidelines.

28 U.S.C. §2255.

In order for a petition to be considered successive, the first petition must have been dismissed on the merits. Harvey v. Horan, 278 F. 3d 370 (4th Cir. 2002). Petitioner's first § 2255 motion was dismissed on the merits, and thus he is barred from filing a subsequent motion without leave of the Fourth Circuit. *See* Shoup v. Bell & Howell Co., 872 F.2d 1178 (4th Cir. 1989); see also United States v. Casas, No. 01 C 1848, 2001 WL 1002511, *2 (N.D. Ill. Aug. 30, 2001); United States v. Flanory, 45 Fed. Appx. 456, 2002 WL 2020042 (6th Cir. 2002).

Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file his successive §2255 motion in this Court.[5] Accordingly, pursuant to 28 U.S.C. § 2244 and 28 U.S.C. § 2255, this Court is without authority to hear Petitioner's second federal habeas petition. See United States v. Winestock 340 F.3d 200, 207 (4th Cir. 2003). Therefore, pursuant to 28 U.S.C. §2244 and §2255, the Court has no jurisdiction over this matter and must either dismiss the motion for lack of jurisdiction or transfer it to the Fourth Circuit Court of Appeals so that it may perform its "gatekeeping function under §2244(b)(3)." See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

## IV. Recommendation

---

Finally, as for petitioner's reliance on United States v. Simmons, although Simmons was decided by the Fourth Circuit Court of Appeals on August 17, 2011, petitioner cannot rely on it as grounds for filing a successive §2255 motion, because a new right recognized by a federal circuit court of appeals, rather than the Supreme Court, does not qualify petitioner for relief pursuant to §2255(f)(3). Section 2255(f)(3) expressly applies only to a right that "has been newly recognized by the Supreme Court."

[5] Pursuant to 28 U.S.C. 2244(b), a petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider his application for a second or successive writ of habeas corpus, and such writ will only be granted by a three-judge panel of the appeals court if the application makes a *prima facie* showing that the application does not present a claim already presented in a prior application, unless it relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, or the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and the facts underlying the claim, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence, that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

For the forgoing reasons, the undersigned recommends that the Court enter an Order **DENYING with prejudice** petitioner's motion and dismissing the case from the docket.

Further, the undersigned recommends that petitioner's March 2, 2012, *Pro Se* Motion for Transcripts, purportedly requested to assist petitioner on a pending appeal, be **DENIED** as moot. (Dkt.# 1006).

Any party may file **within fourteen (14) days** after being served with a copy of this Recommendation with the Clerk of the Court, **or by September 11, 2012**, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), *cert denied*, 467 U.S. 1208 (1984). The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Dated: August 28, 2012.

/s/ James E. Seibert
JAMES M. SEIBERT
UNITED STATES MAGISTRATE JUDGE