IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**HOLLY NEIL BENNETT,**

    Petitioner,

v.                                                    **Civil Action No. 1:12-CV-118**
                                                 **Criminal Action No. 1:08-CR-78-2**
                                                 **(Bailey)**

**UNITED STATES OF AMERICA,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

### I. Introduction

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation ("R&R") of the United States Magistrate Judge James E. Seibert [Civ. Doc. 7; Cr. Doc. 1042]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed R&R. Magistrate Judge Seibert filed his R&R on August 28, 2012 [Civ. Doc. 7; Cr. Doc. 1042]. In that filing, the magistrate judge recommended that this Court deny the petitioner's instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Civ. Doc. 1, Cr. Doc. 1030; Civ. Doc. 6, Cr. Doc. 1037], and that the petitioner's Motion for Transcripts [Cr. Doc. 1006] be denied as moot.

Pursuant to 28 U.S.C. § 636 (b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

recommendation to which no objections are addressed.  ***Thomas v. Arn***, 474 U.S. 140, 150 (1985).  In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984).  Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  The petitioner timely filed a Memorandum in Support of Motion Pursuant to Habeas Corpus to Vacate Sentence, which this Court will construe as his objections to Magistrate Judge Seibert's R&R on September 6, 2012 [Civ. Doc. 10; Cr. Doc. 1054].  Accordingly, this Court will review the portions of the R&R to which objection was made under a *de novo* standard of review.  The remaining portions of the R&R will be reviewed for clear error.

## II. **Factual and Procedural History**

### A. **Plea Agreement and Sentencing**

On November 13, 2008, the petitioner signed a plea agreement [Cr. Doc. 382], wherein he agreed to plead guilty to Count Sixty-Five of the Indictment, maintaining a drug-involved premise [Cr. Doc. 4], in violation of Title 21 U.S.C. § 856(a)(2).  The petitioner waived his right to appeal and to collaterally attack his sentence as part of the plea agreement [Cr. Doc. 382].  The petitioner entered his plea before United States Magistrate Judge John S. Kaull on December 15, 2008 [Cr. Doc. 385].  On April 2, 2009, the petitioner was sentenced to a term of 170 months imprisonment, followed by three years of supervised release [Cr. Doc. 541].  The petitioner did not pursue a direct appeal.

## B. The Petitioner's First 28 U.S.C. § 2255 Motion

The petitioner filed his first Motion to Vacate, Set Aside or Correct Sentence by a person in Federal Custody Under 28 U.S.C. § 2255 ("first § 2255 motion") on January 8, 2010 [Cr. Doc. 799], wherein he raised two claims: (1) the District Court erroneously enhanced his sentence by employing 2D1.1(c) factors to establish his base level offense [*Id.* at 3-6]; and (2) the District Court erroneously used a property offense as a drug offense, in order to impose a career offender level sentence upon him [*Id.* at 6-10]. The petitioner raised a third claim, ineffective assistance of counsel, in his reply to the Government's response to the first § 2255 motion [Cr. Doc. 822]. Shortly thereafter, the petitioner amended his first § 2255 motion to add a fourth claim, another allegation of ineffective assistance of counsel, for failure to challenge two issues: (1) an alleged error in the computation of his offense level; and (2) an "elementary mathematical (mis-)calculation on the PSR," which he contended resulted in an erroneous amount of drug relevant conduct [Cr. Doc. 858]. Magistrate Judge Kaull's R&R [Cr. Doc. 869] as to the first § 2255 motion was ordered adopted by United States District Judge Irene M. Keeley on April 29, 2011 [Cr. Doc. 880], thereby denying and dismissing the petitioner's first § 2255 motion as to all grounds. The petitioner then filed a Notice of Appeal on May 11, 2011 [Cr. Doc. 882], which the Fourth Circuit Court of Appeals dismissed in an unpublished *per curiam* opinion on July 26, 2011 [Cr. Doc. 913].

## C. Collateral Proceedings

On August 11, 2010, the petitioner filed a *pro se* motion for "Clarification of Judgement on P.S.R." [Cr. Doc. 845], and moved to amend that motion on November 11, 2010 [Cr. Doc. 856]. Both the motion for clarification and the motion to amend were denied

as moot in District Judge Keeley's April 29, 2011 Order [Cr. Doc. 880]. On November 22, 2011, the petitioner filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) [Cr. Doc. 948], which District Judge Keeley denied by Order on December 21, 2011 [Cr. Doc. 954]. The petitioner filed a timely Notice of Appeal [Cr. Doc. 964], and on February 23, 2012, the Fourth Circuit affirmed District Judge Keeley's Order in an unpublished, *per curiam* opinion [Cr. Doc. 999]. On May 31, 2012, the petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the Southern District of West Virginia, alleging the same grounds he has raised in the instant § 2255 motion. See **Bennett v. United States**, 5:12-CV-01174, 2012 WL 5511618 (S.D.W.Va., Nov. 14, 2012). On November 14, 2012, United States District Judge Irene C. Berger dismissed the petitioner's Petition for Writ of Habeas Corpus without prejudice, and denied him a certificate of appealability [*Id.*].

### D. The Instant 28 U.S.C. § 2255 Motion

On July 23, 2012, the petitioner filed the instant Motion to Vacate, Set Aside or Correct Sentence by a person in Federal Custody Under 28 U.S.C. § 2255 ("instant § 2255 motion") without the use of a court-approved form [Civ. Doc. 1; Cr. Doc. 1030], but re-filed on a court-approved form on August 13, 2012 [Civ. Doc. 6; Cr. Doc. 1037]. The petitioner makes essentially the same claims within both documents [Civ. Docs. 1 and 6; Cr. Docs. 1030 and 1037]. He asserts that pursuant to the holding of **United States v. Simmons**, 649 F.3d 237 (4th Cir. 2011), and **Carachuri-Rosendo v. Holder**, 130 S.Ct. 2577 (2010), his 1998 West Virginia conviction for Unlawful Wounding constitutes a misdemeanor rather than a felony for sentencing purposes [*Id.*]. Therefore, the petitioner contends that he is actually

4

innocent of being a Career Offender because the application of his Unlawful Wounding conviction as a predicate offense to enhance his present sentence was committed in error [*Id.*]. The petitioner also contends that the instant § 2255 motion is timely because it was filed within one year of the date that **Carachuri-Rosendo** announced "a new rule" that was retroactively applicable on collateral review [*Id.*]. As a remedy, the petitioner requests that his sentence be vacated and that he be re-sentenced without the career offender designation, which would give him a sentencing guideline level of 13 [*Id.*].

### E. Magistrate Judge Seibert's R&R and the Petitioner's Objections

Magistrate Judge Seibert filed his R&R on August 28, 2012 [Civ. Doc. 7; Cr. Doc. 1042]. In that filing, the magistrate judge recommended that this Court deny the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Civ. Doc. 1, Cr. Doc. 1030; Civ. Doc. 6, Cr. Doc. 1037], and that the petitioner's Motion for Transcripts [Cr. Doc. 1006] be denied as moot. On September 6, 2012, the petitioner filed a "Memorandum in Support of Motion Pursuant to Habeas Corpus to Vacate Sentence" [Civ. Doc. 10; Cr. Doc. 1054], which this Court has construed as a series of objections to Magistrate Judge Seibert's R&R. Those portions of the R&R to which the petitioner has objected will be reviewed under a *de novo* standard of review, while the remaining portions of the R&R will be reviewed for clear error.

### F. The Fourth Circuit's Denial of the Petitioner's 28 U.S.C. § 2244 Motion

This Court notes that the petitioner filed "a motion under 28 U.S.C. § 2244 for an order authorizing (this Court) to consider a second or successive application for relief under 28 U.S.C. § 2255" with the United States Court of Appeals for the Fourth Circuit ("Fourth

5

Circuit") [Cr. Doc. 1076]. The Fourth Circuit denied that motion on December 3, 2012, "at the direction of Judge Wynn with the concurrence of Judge Shedd and Judge Keenan" [*Id.*].

### III. Applicable Law

#### A. Second and Successive 28 U.S.C. § 2255 Motions Prohibited

Section § 2255 provides as follows regarding a second or successive motion:

"A second or successive motion must be certified as provided in § 2255 by a panel of the appropriate court of appeals to contain –

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2255.

### IV. Discussion

#### A. The Petitioner's Instant Motion
#### Constitutes a Prohibited Second or Successive § 2255 Motion

In order for a petition to be considered successive, the first habeas petition must have been dismissed on the merits, as United States District Judge Irene M. Keeley articulated in **Hill v. United States**, 2012 WL 4813779 (N.D.W.Va., Oct. 10, 2012); c*iting* **Slack v. McDaniel**, 529 U.S. 473, 485-489 (2000); **In re Williams**, 444 F.3d 233 (4th Cir. 2006); *see also* **Harvey v. Horan**, 278 F.3d 370, 379 (4th Cir. 2002). Since the petitioner's first § 2255 motion was dismissed on the merits, he would be barred from filing a subsequent motion,

6

unless granted leave to do so by the Fourth Circuit.  See **Shoup v. Bell & Howell Co.**, 872 F.2d 1178 (4th Cir. 1989); see also **United States v. Casas**, 2001 WL 1002511, *2 (N.D. Ill. Aug. 30, 2001); **United States v. Flanory**, 45 Fed.Appx. 456 (6th Cir. 2002). Accordingly, pursuant to 28 U.S.C. § 2244 and § 2255, this Court is without authority to hear the petitioner's second federal habeas petition.  See **United States v. Winestock**, 340 F.3d 200, 207 (4th Cir. 2003).  Since the Fourth Circuit explicitly declined to grant the petitioner leave to file a "successive application for relief under 28 U.S.C. § 2255," the petitioner's instant § 2255 motion is barred; accordingly, the same is hereby denied by this Court.

**B.  The Petitioner's Contentions Regarding Changes in Intervening Law Also Fail**

Within his objections to Magistrate Judge Seibert's R&R, the petitioner reiterates many of the same arguments raised in the instant § 2255 motion to contend that changes in intervening law have rendered his sentence and conviction invalid.  The petitioner again maintains that under **Carachuri-Rosendo v. Holder**, 130 S.Ct. 2577 (2010), and **United States v. Simmons**, 649 F.3d 237 (2011), his prior conviction for unlawful wounding no longer qualifies as a predicate offense for purposes of a career offender determination of criminal history under U.S.S.G. § 4B1.1 [Cr. Doc. 1054 at 4-6].  In order to illustrate his point, the petitioner attempts to analogize the instant case with **United States v. Tayman**, 885 F.Supp. 832 (E.D. Va. 1995) because "both rely on a substantive law ruling (that should be retroactively applied to a movant's case in order to) obtain collateral relief" [Cr. Doc. 1054 at 6-7].  However, the petitioner's claims must fail, for his reliance on **Carachuri-Rosendo** and **Simmons** as stating a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, are misplaced.

7

First, neither ***Carachuri-Rosendo*** nor ***Simmons*** are retroactively available to cases on collateral review in the Fourth Circuit Court of Appeals. *See **United States v. Powell***, 691 F.3d 554 (4th Cir. 2012). Even if ***Carachuri-Rosendo*** and ***Simmons*** were retroactively applicable to cases on collateral review, the petitioner's § 2255 motion would still be grossly untimely under 28 U.S.C. § 2255(f)(3). ***Carachuri-Rosendo*** was decided on June 14, 2010. Under 28 U.S.C. § 2255(f)(3), the petitioner would have had until June 14, 2011, to timely file a § 2255 motion. However, he did not file the instant § 2255 motion until July 23, 2012, one year and thirty-nine days past the one-year statute of limitations [Civ. Doc. 1; Cr. Doc. 1030].

Even if the petitioner's instant § 2255 motion were timely, his arguments regarding whether his prior conviction qualifies him as a career offender are fatally flawed. The petitioner seemingly misunderstands how the Sentencing Guidelines apply to ***Simmons*** and ***Carachuri-Rosendo***. The petitioner, both in the instant § 2255 motion and in his objections to the R&R, argues that his prior conviction for unlawful wounding in West Virginia state court no longer qualifies him as a career offender under ***Simmons*** and ***Carachuri-Rosendo***, because he did not serve a term of actual imprisonment for more than one year [Civ. Doc. 1, Cr. Doc. 1030; Civ. Doc. 10, Cr. Doc. 1054]. The petitioner contends that the Court "must exam(ine) Bennett's conduct in the crime, and rule that he was not involved in an aggravated offense, and he therefore never received a sentence exceeding one (1) year's imprisonment." [Civ. Doc. 10; Cr. Doc. 1054 at 4]. However, the petitioner fails to realize that the Sentencing Guidelines only require that the offense be *punishable* for more than one year to qualify it as a predicate offense for career offender status. *See* U.S.S.G.

8

§ 4B1.2. His conviction for unlawful wounding[1] was a felony punishable by a sentence of more than one year, regardless of whether he served a sentence of over a year for it. Thus, the unlawful wounding conviction falls squarely within the career offender provisions of the Sentencing Guidelines, and the petitioner's contentions to the contrary are hereby **OVERRULED**.

Finally, although ***Simmons*** was decided by the Fourth Circuit Court of Appeals on August 17, 2011, the petitioner cannot rely on it as grounds for filing a successive § 2255 motion, because a new right recognized by a federal circuit court of appeals, rather than the Supreme Court, does not qualify the petitioner for relief pursuant to § 2255(f)(3). Section 2255(f)(3) expressly applies only to a right that "has been newly recognized by the Supreme Court." Accordingly, this objection is hereby **OVERRULED**.

## V. Conclusion

Upon careful review of the above, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Civ. Doc. 7; Cr. Doc. 1042]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Further, the petitioner's Objections **[Civ. Doc. 10; Cr. Doc. 1054]** are **OVERRULED**. Accordingly, the petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 **[Civ. Doc. 1, Cr. Doc. 1030; Civ. Doc. 6; Cr. Doc. 1037]** and *Pro Se* Motion for Transcripts **[Cr. Doc. 1006]** are hereby **DENIED** for the same reasons as stated above. As such, the

---

[1] The petitioner received a sentence of 1 to 5 years imprisonment, suspended, with a grant of 3 years probation with twenty-eight day inpatient substance abuse treatment, followed by 6 months home confinement, which was later revoked, and the 1-5 year imprisonment reinstated [Cr. Doc. 543 at ¶ 143].

9

same is hereby **DISMISSED WITH PREJUDICE** and **ORDERED STRICKEN** from the active docket of this Court. The Clerk is directed to enter a separate judgment in favor of the respondent.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** the petitioner a certificate of appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** July 18, 2013.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE